UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Grinnell Mutual Reinsurance Company and
Grinnell Select Insurance Company,

   Plaintiffs,

v.

Cheryl Orcutt, Jon Crews, David Gosch,
Auto Club Insurance Association, Auto Club
Property-Casualty Insurance Company,
State Auto Property & Casualty Insurance
Company, and State Automobile Mutual
Insurance Company,

   Defendants.

Case No. 19-cv-2156 (JNE/TNL)
ORDER

  Grinnell Mutual Reinsurance Company and Grinnell Select Insurance Company brought this action against Cheryl Orcutt, Jon Crews, David Gosch, Auto Club Group Insurance Company, Auto Club Property-Casualty Insurance Company, State Auto Property & Casualty Insurance Company, and State Automobile Mutual Insurance Company. Grinnell Mutual and Grinnell Select amended their complaint by naming Auto Club Insurance Association as a defendant instead of Auto Club Group Insurance Company. They asserted nine claims:[1]

- Count 1 – Declaratory Relief (Against All Defendants)
- Count 3 – Equitable Contribution (Against Auto Club and State Auto)
- Count 4 – Breach of Contract (Against Defendant Orcutt)

---

[1]  There is no Count 2 in the amended complaint. There are two Count 8s.

1

- Count 5 – Breach of the Implied Covenant of Good Faith (Against Defendant Orcutt)

- Count 6 – Negligent Misrepresentation (Against Defendant Orcutt)

- Count 7 – Unjust Enrichment (Against Defendant Orcutt)

- Count 8 – Promissory Estoppel (Against Defendant Orcutt)

- Count 8 – Equitable Estoppel (Against Defendant Orcutt)

- Count 9 – Judicial Estoppel (Against Defendant Orcutt)

According to a Joint Rule 26(f) Report, "[a]ll process has been served." No appearance by Crews, Gosch, Auto Club Insurance Association, or Auto Club Property-Casualty Insurance has been made. Orcutt, State Auto Property & Casualty Insurance, and State Automobile Mutual Insurance have appeared. State Auto Property & Casualty Insurance and State Automobile Mutual Insurance were dismissed based on a stipulation executed by all parties that have appeared.

Grinnell Mutual and Grinnell Select moved for judgment on the pleadings. Orcutt moved for summary judgment. The Court denied the motions and stayed the action pending resolution of a case involving Orcutt, Gosch, and Crews in state court.

"[B]ased on the state court action captioned *Cheryl Orcutt v. Jon Crews and David Gosch*, Olmsted District Court File No. 55-CV-19-1135 having concluded," Grinnell Mutual and Grinnell Select moved to lift the stay. The Court granted their motion. The case is before the Court on Grinnell Mutual and Grinnell Select's motion for judgment on the pleadings and Orcutt's motion to dismiss. For the reasons set forth below, the Court denies the motions.

2

I.      **Grinnell Mutual and Grinnell Select's Motion for Judgment on the Pleadings**

Grinnell Mutual and Grinnell Select moved the Court to "[e]nter[] judgment on the pleadings . . . in [their] favor . . . against Defendants on Count 1 of the Amended Complaint."[2] If the Court enters the requested judgment, Grinnell Mutual and Grinnell Select sought dismissal without prejudice of their remaining causes of action under Rule 41(a) of the Federal Rules of Civil Procedure.[3]

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Orcutt filed an answer. The remaining defendants have not. Because the pleadings are not closed, the Court denies Grinnell Mutual and Grinnell Select's motion for judgment on the pleadings.[4] *See*

---

[2]     In Grinnell Mutual and Grinnell Select's motion papers, the caption names only Orcutt, Crews, and Gosch as Defendants.

[3]     Orcutt filed her memorandum in opposition to the motion for judgment on the pleadings twice. She filed it at Docket No. 113 as a motion for judgment as a matter of law and at Docket No. 114 as a memorandum. The Court directs the Clerk of Court to terminate Docket No. 113.

[4]     The Court also denies the motion for judgment on the pleadings because Grinnell Mutual and Grinnell Select exceeded the word limitation of D. Minn. LR 7.1(f). They certified that the memorandum of law in support of their motion for judgment on the pleadings contains 524 words and that their reply memorandum contains 6,813 words. But Grinnell Mutual and Grinnell Select failed to account for the incorporation of memoranda that contain more than 21,000 words into their 524-word memorandum and the incorporation of part of a memorandum that was filed in a separate action into their 6,813-word reply. *See Bloodworth v. Kansas City Bd. of Police Comm'rs*, 89 F.4th 614, 624 (8th Cir. 2023) ("Judges are not like pigs, hunting for truffles buried in briefs." (citation omitted)); *Farmers Ins. Exch. v. West*, Case No. 11-cv-2297, 2012 WL 12894845, at *7 (D. Minn. Sept. 21, 2012) ("Violations of the word-count limits can justify the return of filed documents to counsel with instructions that they be submitted in a form that complies with the Local Rules. And here, the Court would be well within its discretion to deny Defendants' motion on the grounds that Defendants have intentionally

3

*NanoMech, Inc. v. Suresh*, 777 F.3d 1020, 1023 (8th Cir. 2015) (stating that "Rule 12(c) requires all pleadings to be closed before a motion may be filed"); *E. Coast Test Prep LLC v. Allnurses.com, Inc.*, Case No. 15-cv-3705, 2016 WL 7383309, at *1 (D. Minn. Dec. 20, 2016) ("Generally, 'where an action names multiple defendants, the pleadings are not closed until all defendants have answered.'" (citation omitted)).

## II.     Orcutt's Motion to Dismiss

Orcutt moved to dismiss Grinnell Mutual's amended complaint without prejudice "based on the Court's broad discretion to (a) dismiss duplicative litigation where there is parallel litigation involving the same issues; and (b) abstain from entertaining declaratory judgment claims when there is parallel litigation involving the same issues." Orcutt asserted that "all claims [Grinnell Mutual] alleged against Orcutt in the Amended Complaint have been joined in, and are duplicative of, [Grinnell Mutual's] defenses to Orcutt's garnishment proceeding"; that "Minnesota's garnishment statute proscribes [sic] a mandatory ('probable cause') procedure for addressing whether a judgment creditor (Orcutt) may continue the prosecution of a garnishment claim against a garnishee ([Grinnell Mutual])"; that "the claims Orcutt alleges against [Grinnell Mutual] in her (proposed) supplemental complaint are broader"; and that "all disputes and issues between Orcutt, [Grinnell Mutual], Gosch and Crews will be fully and satisfactorily resolved in Orcutt's garnishment proceeding."

---

exceeded the 12,000-word limit in Local Rule 7.1(f)(1)(A)." (citation omitted)); D. Minn. LR 1.3.

4

Grinnell Mutual and Grinnell Select opposed Orcutt's motion. They argued that Orcutt's motion should be denied because "[t]he garnishment action is stayed and is pending before this Court" and "[t]here is no 'parallel state court action' pending."[5]

*Duplicative Litigation*

"Federal courts have a 'virtually unflagging obligation' to decide cases that fall within their jurisdiction." *Wassef v. Tibben*, 68 F.4th 1083, 1086 (8th Cir. 2023) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Federal courts have nevertheless recognized several prudential limits upon the exercise of the jurisdiction bestowed by Congress." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 952 (8th Cir. 2001). In *Prudential Health*, the Eighth Circuit "discern[ed]" one such limitation: "Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time." *Id.* at 954; *see Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988) ("Although no precise rule has evolved with regard to the handling of instances where identical issues are raised in cases pending in different federal courts, the general principle is to avoid duplicative litigation."). This case does not involve a plaintiff "pursu[ing] multiple federal suits against the same party involving the same controversy at the same time." *See Prudential Health*, 259 F.3d at 954. Nor does it involve multiple "federal courts . . . simultaneously exercising jurisdiction over what is essentially the same matter." *Nat'l Indem. Co. v. Transatlantic Reinsurance Co.*, 13 F. Supp. 3d 992, 998 (D. Neb. 2014). Grinnell Mutual

---

[5] Grinnell Mutual removed Orcutt's garnishment proceeding from state court to the District of Minnesota. The action was reassigned to the undersigned a few weeks later.

and Grinnell Select's action and Orcutt's garnishment proceeding are pending in the same district court before the same judge. Insofar as Orcutt argued that the Court should dismiss Grinnell Mutual's amended complaint because it is duplicative litigation, the Court denies her motion.

*Declaratory Judgment*

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967 (8th Cir. 2013). "The full scope of a district court's discretion to grant a stay or abstain from exercising jurisdiction under the Declaratory Judgment Act differs depending upon whether a 'parallel' state court action involving questions of state law is pending. Where such an action is pending, a district court enjoys broad discretion." *Lexington Ins.*, 721 F.3d at 967 (citation omitted). "Where no such parallel state action is pending, discretion to abstain or grant a stay still exists, but that discretion is less broad and is to be exercised according to a six factor test . . . ." *Id.* at 968 (quoting factors adopted in *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 998 (8th Cir. 2005)). Orcutt maintained that it is of "no significance" that "there is no pending state court garnishment proceeding." She has not demonstrated that abstention is warranted. The Court denies Orcutt's motion to dismiss.

**III.    Conclusion**

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Grinnell Mutual and Grinnell Select's motion for judgment on the pleadings [Docket No. 99] is DENIED.

2. Orcutt's motion to dismiss [Docket No. 106] is DENIED.

3. The Clerk of Court shall terminate Docket No. 113.

Dated: March 13, 2024

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge