UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Grinnell Mutual Reinsurance Company and
Grinnell Select Insurance Company,

        Plaintiffs,

v.

Cheryl Orcutt, Jon Crews, David Gosch,
Auto Club Insurance Association, Auto Club
Property-Casualty Insurance Company,
State Auto Property & Casualty Insurance
Company, and State Automobile Mutual
Insurance Company,

        Defendants.

Case No. 19-cv-2156 (JNE/DLM)
ORDER

    Grinnell Mutual Reinsurance Company and Grinnell Select Insurance Company brought this action against the drivers of vehicles involved in an accident, the owner of one of the vehicles, and other insurers for declaratory relief. They asserted additional claims against one of the drivers—Cheryl Orcutt—and the other insurers.[1] The case is before the Court on Grinnell Mutual and Grinnell Select's Rule 12(c) Motion for Judgment on the Pleadings and Declaratory Relief and Orcutt's Motion for Partial Summary Judgment. For the reasons set forth below, the Court denies Grinnell Mutual and Grinnell Select's motion. The Court grants in part and denies in part Orcutt's motion.

---

[1]     In 2024, the Clerk of Court entered the defaults of Jon Crews, who drove the other vehicle involved in the accident, and David Gosch, who owned the vehicle driven by Crews. The insurer defendants were dismissed in 2019 and 2024 based on stipulations.

1

## I.     BACKGROUND

Jon Crews was driving northward on Highway 83 in High Forest Township, Minnesota, in a truck that David Gosch owned.  A trailer was attached to it.  At the same time, Cheryl Orcutt was driving southward on Highway 83 in a car.  Crews attempted to turn left onto Minnesota Trunk Highway 30.  Orcutt's vehicle collided with the truck-trailer driven by Crews, and Orcutt sustained injuries.

At the time of the accident, Crews was employed by Gosch.  Gosch had insurance policies issued by Grinnell Mutual[2] and Auto-Club Insurance Association.  Crews and Orcutt had insurance policies issued by Grinnell Select.  Grinnell Select is a wholly owned subsidiary of Grinnell Mutual.  Claims made under Grinnell Select policies are handled by employees of Grinnell Mutual.

Approximately two years after the accident, Orcutt sent a Notice of Claim to AAA Insurance.  The notice identifies Gosch as "Your Insured" and Crews as "Your Driver."  More than one year later, Orcutt, through her attorney, sent a letter to Grinnell Mutual.  The letter states:

> We have negotiated an agreement with The Auto Club Group to settle the liability portion of this case for $100,000.  The defendant's policy limits are $100,000.
>
> We now intend to pursue an underinsured motorist claim with your company.
>
> In accordance with Schmidt v. Clothier, 338 N.W.2d 256 (Minn. 1983), you have 30 days in which to substitute your check for that of The Auto Club Group's in order to

---

[2]   A police report identifies Grinnell as Gosch's insurer.  Later, a Grinnell Mutual field examiner told Orcutt that Gosch was not insured by Grinnell Mutual.

> preserve your rights of subrogation. If we have not received your check within 30 days, we will execute releases in favor of the defendant and the defendant's insurer.
>
> If you do not intend to substitute your check for that of The Auto Club Group's, please notify us as soon as possible so that we can proceed with the settlement.

Grinnell Mutual and Grinnell Select did not substitute a check for that of The Auto Club Group.

Orcutt and Auto-Club Insurance Association executed a *Drake v. Ryan*[3] Agreement for $100,000, the liability limit of the Auto-Club policy. Orcutt agreed "[t]o partially satisfy any judgment that might be recovered in favor of Cheryl Orcutt against David Gosch and/or Jon Crews to the full extent of the liability limit of the ACIA policy of $100,000" and "[t]o refrain from collecting or attempting to collect any unsatisfied portion of such judgment from the personal assets of David Gosch and/or Jon Crews, except for any claims, causes of action, or other rights which David Gosch or Jon Crews, or either of them, may have against any other insurer." The Agreement states that "[n]othing herein is intended to release any claim which Cheryl Orcutt has or may have against any other insurer." Orcutt asserted that she informed Grinnell Mutual's field examiner that she would settle with Auto-Club based on *Drake v. Ryan*. Grinnell Mutual

---

[3] "A *Drake v. Ryan* settlement agreement arises out of the Minnesota Supreme Court's decision in *Drake v. Ryan*, 514 N.W.2d 785 (Minn. 1994), holding that a plaintiff may 'fully release[] [a] defendant and his primary liability insurer up to the limits of the primary liability coverage but expressly retain[] the right to pursue [his or her] claims against the defendant for additional damages up to the limits of the defendant's excess liability coverage.'" *Stan Koch & Sons Trucking, Inc. v. Great W. Cas. Co.*, 517 F.3d 1032, 1037 (8th Cir. 2008) (alteration in original) (quoting *Drake*, 514 N.W.2d at 790).

3

and Grinnell Select asserted that their "first notice that Orcutt's settlement with the Auto Club Group was based on a *Drake v. Ryan* agreement rather than a general release" occurred years later.

Orcutt and Grinnell Select were unable to resolve Orcutt's claim for underinsured motorist benefits. She sued Grinnell Select in state court. During discovery, Orcutt asked Grinnell Select to disclose any policies that might provide coverage for her claims. Grinnell Select did not disclose Gosch's Grinnell Mutual policy. Orcutt and Grinnell Select eventually entered into a settlement agreement, and Orcutt executed a release:

> For and in consideration of the payment of Fifty Five Thousand Dollars and no cents ($55,000.00) the sufficiency of which is hereby acknowledged, Cheryl Ann Orcutt . . . hereby releases and forever discharges Grinnell Select Insurance Company, its successors, agents, administrators, affiliates, and any other person, corporation, association or partnership (hereafter Releasees), none of whom admit liability to Cheryl Orcutt, but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, that now exist, or may hereafter accrue, known or unknown, to both person and property, which have resulted or may in the future develop from an accident which occurred on or about October 25, 2012, at or near USTH 63 and MNTH 30, High Forest Township, State of Minnesota, and which were brought or could have been brought in the lawsuit entitled *Cheryl Orcutt v. Grinnell Select Insurance Company*, Olmsted County District Court File No. 55-CV-17-7816 ("the Action"), including all claims for underinsured motorist benefits and personal injury protection benefits pursuant to insurance policy number . . . .
>
> Cheryl Orcutt warrants that no promise or inducement has been offered except as herein set forth; that this Release is executed without reliance upon any statement or representation by the person or parties released, or their representatives, or physicians concerning the nature and

> extent of the injuries and/or damages and/or legal liability therefore; . . . . Cheryl Orcutt acknowledges and understands that the payment made hereunder is being made in complete settlement of all disputed matters related to 55-CV-17-7816. . . .
>
> The Release shall operate as and shall be a complete accord and satisfaction and is a full and complete settlement of any and all claims for damages, injuries, and claims of every kind, character, or description sustained by Cheryl Orcutt, whether herein specifically described or not, which [she] may have now or in the future have on account of or in any way connected with the above described accident as against Releasees related to policy number . . . . The undersigned further covenants and expressly agrees to refrain forever from instituting any other action or making any other demands or claims of any kind against Releasees for damages sustained by the undersigned as a result of the motor vehicle accident which was the subject of the Action.

The day after Orcutt executed the release, Orcutt and Grinnell Select stipulated to the dismissal of her state-court action against Grinnell Select.

The same day, Orcutt commenced an action in state court against Crews and Gosch. She alleged that Crews operated a vehicle owned by Gosch in a careless, reckless, and negligent manner, that Crews caused the collision, and that she sustained injuries. Gosch notified Grinnell Mutual of the lawsuit. Grinnell Mutual denied any duty to defend him and any duty to indemnify him. Crews notified Grinnell Select of the lawsuit. Grinnell Select denied any duty to defend him and any duty to indemnify him.

Neither Crews nor Gosch responded to Orcutt's complaint. She filed the complaint in state court and moved for default judgment. The state court granted her motion and ordered judgment in the amount of $1,062,100.01 against Crews and Gosch. The state court vacated the judgment because Orcutt did not file an affidavit of

5

identification. Five days later, Orcutt filed an affidavit and an amended proposed order, which refers to a release of Crews and Gosch under *Drake v. Ryan*. A few days later, in June 2019, the state court issued an amended order that grants Orcutt's motion for default judgment. The amended order does not specify the damages awarded.

In July 2019, Grinnell Mutual appointed counsel to represent Crews and Gosch under a reservation of rights. Crews and Gosch moved to vacate the judgment. The state court denied their motion. Crews and Gosch appealed. The Minnesota Court of Appeals summarized the proceedings that followed:

> We dismissed that appeal because the June 2019 judgment, as entered, did not specify the amount of damages, and therefore was not appealable. The district court then entered a new judgment for $1,062,100.01 on April 14, 2020, retroactive to June 19, 2019. Appellants again appealed, challenging the default judgment and the district court's order denying their motion to vacate the judgment. While the appeal was pending, appellants moved this court to stay the appeal to pursue a motion to enforce the *Drake-Ryan* settlement; we denied the stay because the proposed motion involved issues separate and distinct from those presented in the appeal.
>
> We affirmed the default judgment, including the award of $787,100.01 in past medical expenses and pain and suffering. But we reversed the amount awarded for future medical expenses and remanded to the district court for explanatory findings.
>
> Shortly after we issued our decision, respondent's counsel wrote to the district court requesting a possible settlement conference to address, in relevant part, the remanded damages issue and the addition of prejudgment interest under Minn. Stat. § 549.09, subd. 1 (2020). Appellants requested that respondent proceed through motion practice. Appellants also petitioned the supreme court for further review of our nonprecedential opinion.

6

> The day after the supreme court denied appellants' petition for review, appellants moved the district court "for enforcement of the [*Drake-Ryan*] settlement agreement and satisfying the [default] judgment." They argued that, in paragraph B.2, respondent agreed to discharge them from liability no later than March 1, 2020, and since that date passed, the default judgment must be discharged and deemed "satisfied." They acknowledged that this would effectively preclude respondent from recovering from Grinnell. The district court denied the motion. It reasoned that the agreement is ambiguous but that granting the motion would defeat its purpose as a *Drake-Ryan* settlement. The district court also noted that respondent has at all times acted consistent with the agreement and has made no attempt to collect from appellants' personal assets.
>
> Four days after that denial, respondent filed a motion seeking interest on the judgment under Minn. Stat. § 549.09, subd. 1, from the commencement of the action until entry of judgment. She argued that statutory interest is mandatory and that the district court should correct its erroneous omission of an interest award as a clerical error under Minn. R. Civ. P. 60.01 (permitting correction of clerical errors "at any time"). The district court granted the motion, first reducing the judgment by $155,000 to account for the settlement payments that respondent had previously received and then adding prejudgment interest of $25,717, resulting in a judgment of $692,817.01. This appeal followed.

*Orcutt v. Crews*, No. A22-0548, 2022 WL 17409900, at *2 (Minn. Ct. App. Dec. 5, 2022) (alteration in original) (footnote omitted) (citation omitted). On appeal, Crews and Gosch "argue[d] that the district court erred by denying their motion to enforce a settlement agreement between respondent Cheryl Orcutt and [Auto-Club Insurance Association] and deem a default judgment against them satisfied and, alternatively, that it erred by granting respondent's motion to add prejudgment interest to the default judgment." *Id.* at *1. The Minnesota Court of Appeals affirmed. *Id.*

7

In August 2019, while the proceedings in state court took place, Grinnell Mutual and Grinnell Select brought this action. Their Amended Complaint contains nine claims:[4]

- Count 1 – Declaratory Relief (Against All Defendants)
- Count 3 – Equitable Contribution (Against Auto Club and State Auto)
- Count 4 – Breach of Contract (Against Defendant Orcutt)
- Count 5 – Breach of the Implied Covenant of Good Faith (Against Defendant Orcutt)
- Count 6 – Negligent Misrepresentation (Against Defendant Orcutt)
- Count 7 – Unjust Enrichment (Against Defendant Orcutt)
- Count 8 – Promissory Estoppel (Against Defendant Orcutt)
- Count 8 – Equitable Estoppel (Against Defendant Orcutt)
- Count 9 – Judicial Estoppel (Against Defendant Orcutt)

Several months after the action's commencement, Grinnell Mutual and Grinnell Select moved for judgment on the pleadings. Orcutt moved for summary judgment. The Court denied the motions and stayed the action "pending resolution of the underlying Gosch-Crews state court case."

After the Court lifted the stay, Grinnell Mutual and Grinnell Select moved for judgment on the pleadings, and Orcutt moved to dismiss Grinnell's Amended Complaint. Because the pleadings were not closed, the Court denied Grinnell Mutual and Grinnell

---

[4] There is no Count 2. There are two Count 8s.

Select's motion. The Court also denied Orcutt's motion, rejecting her argument regarding duplicative and parallel litigation.

In her motion, Orcutt relied on a garnishment proceeding that she commenced in state court. Orcutt named Crews and Gosch as defendant-debtors and Grinnell Mutual as garnishee. Grinnell Mutual removed the garnishment proceeding from state court, and the case—Case No. 23-cv-2650—was eventually reassigned to the undersigned as a related case. The magistrate judge stayed Case No. 23-cv-2650.

After the pleadings were closed, Grinnell Mutual and Grinnell Select moved for judgment on the pleadings. Orcutt moved for partial summary judgment.

## II.   DISCUSSION

### A.   Grinnell Mutual and Grinnell Select's Motion

Grinnell Mutual and Grinnell Select moved for judgment on the pleadings on Count 1 of the Amended Complaint. *See* Fed. R. Civ. P. 12(c). In that count, they sought the following declarations:

> a. Grinnell is not obligated to defend or indemnify Gosch or Crews, or pay Orcutt any amounts arising from the Crews-Gosch Action under the terms, definitions, conditions and exclusions of the Crews Policy and Gosch Policy.
>
> b. Orcutt's claims against Crews and Gosch, and any right to benefits from Grinnell, in the underlying lawsuit is barred as a matter of law.
>
> c. Orcutt's claims against Crews and Gosch, and any claim against Grinnell, including those asserted in the Crews-Gosch Action, are barred by the anti-suit provision of the UIM Release.

9

      d.      Grinnell is not obligated to satisfy any judgment arising from the subject accident or the Crews-Gosch Action because the claims are foreclosed by judicial estoppel and res judicata.

If they are "obligated to defend or indemnify Crews or Gosch, or satisfy any judgment in favor of Orcutt," Grinnell Mutual and Grinnell Select sought a declaration regarding priority of coverage of the policies issued to Crews and Gosch at the time of the accident. In their motion, Grinnell Mutual and Grinnell Select moved the Court to declare:

      a.      Orcutt's claims asserted in *Cheryl Orcutt v. Jon Crews and David Gosch v. Grinnell Mutual Insurance Company*, Case No. 0:23-cv-02650-JNE-TNL, are barred by the doctrine of release and discharge;

      b.      Orcutt's claims asserted in *Cheryl Orcutt v. Jon Crews and David Gosch v. Grinnell Mutual Insurance Company*, Case No. 0:23-cv-02650-JNE-TNL, violate a valid and enforceable covenant not to sue Grinnell Mutual and constitute breach of contract;

      c.      Orcutt is barred by the doctrine of collateral estoppel from seeking to enforce or collect from Plaintiffs any judgment entered in *Cheryl Orcutt v. Jon Crews and David Gosch*, Olmsted County District Court File No. 55-CV-19-1135;

      d.      Orcutt's claims asserted in *Cheryl Orcutt v. Jon Crews and David Gosch v. Grinnell Mutual Insurance Company*, Case No. 0:23-cv-02650-JNE-TNL, are dismissed with prejudice; and

      e.      All other counts in the Amended Complaint are dismissed without prejudice as moot.

If the requested judgment is entered, Grinnell Mutual and Grinnell Select "agree[d] that all remaining causes of action in their Amended Complaint are moot," and they "move[d]

10

to have those claims voluntarily dismissed without prejudice" under Rule 41 of the Federal Rules of Civil Procedure.

"In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act, 28 U.S.C. § 2201, is 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Roark v. S. Iron R-1 Sch. Dist.*, 573 F.3d 556, 561–62 (8th Cir. 2009) (citation omitted).

Matters outside the pleadings were presented the Court in connection with Grinnell Mutual and Grinnell Select's motion. The Court treats their motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must view genuinely disputed facts in the light most favorable to the nonmovant, *Ricci v. DeStefano*,

11

557 U.S. 557, 586 (2009), and draw all justifiable inferences from the evidence in the nonmovant's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Grinnell Mutual and Grinnell Select asserted that their motion should be granted for three reasons. First, they argued that Orcutt, "long before obtaining her default judgment, . . . released and forever discharged Grinnell Select and its affiliate, Grinnell Mutual, from 'any and all' claims, demands, and damages resulting from the accident that were or could have been brought in the UIM action." According to Grinnell Mutual and Grinnell Select, "[t]he default judgment represents the exact same damages she sought and received in the UIM action." Grinnell Mutual and Grinnell Select maintained that Orcutt "could have named Crews and Gosch as defendants – but she did not."

"A settlement agreement is a contract, and we examine the language of a settlement agreement to determine the intent of the parties. We have not required specific language to validly release claims; rather, we examine the language on a case-by-case basis to assess an agreement's validity and effect." *Ryan Contracting Co. v. O'Neill & Murphy, LLP*, 883 N.W.2d 236, 249 (Minn. 2016) (citation omitted); *see Booth v. Gades*, 788 N.W.2d 701, 705 (Minn. 2010) ("The construction of the Agreement, like any other release or covenant not to sue, is governed by the rules of contract construction and, as such, is a question of law, subject to de novo review."). "The primary purpose in construing a contract is to determine the intention of the parties based on the language of the contract. In the absence of ambiguity, we 'enforce the agreement of the parties as expressed in the contract.' We also consider the context of an entire contract in construing specific provisions." *Harkins v. Grant Park Ass'n*, 972 N.W.2d 381, 388

12

(Minn. 2022) (citation omitted). "Under general rules of contract interpretation, ambiguities in a contract are resolved by admitting extrinsic evidence of 'the facts and circumstances surrounding the transaction' to reveal the parties' intent." *Windcliff Ass'n, Inc. v. Breyfogle*, 988 N.W.2d 911, 918 (Minn. 2023) (citation omitted); see *Core & Main, LP v. McCabe*, 62 F.4th 414, 420 (8th Cir. 2023).

Orcutt "release[d] and forever discharge[d] Grinnell Select" and its "affiliates" "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, that now exist, or may hereafter accrue, known or unknown, to both person and property," that "resulted or may in the future develop" from the accident "and which were brought or could have been brought in the lawsuit entitled *Cheryl Orcutt v. Grinnell Select Insurance Company*, Olmsted County District Court File No. 55-CV-17-7816." "An underinsured motorist claim is both alike and unlike a tort cause of action. The underinsured claim is a contract action for first party benefits against one's own insurer, unlike a tort action for damages against a third party tortfeasor." *Emps. Mut. Cos. v. Nordstrom*, 495 N.W.2d 855, 856 (Minn. 1993). "[T]he contract action raises the same issues of damages and tort liability as in a tort action. These two remedies, however, are sufficiently different, so that the doctrine of election of remedies is inapposite." *Id.* "Underinsured coverage has generally been understood as excess coverage, to be utilized only after the cause of action against the insured tortfeasor has been concluded." *Id.* "[R]ecovery from the tortfeasor's liability insurance is a 'condition precedent' to bringing an underinsured claim." *George v. Evenson*, 754 N.W.2d 335, 340 (Minn. 2008); see *Isaac v. Vy Thanh Ho*, 825 N.W.2d 379, 383–84

13

(Minn. 2013); *Ronning v. State Farm Mut. Auto. Ins. Co.*, 887 N.W.2d 35, 40 (Minn. Ct. App. 2016). The default judgment that Orcutt obtained against Crews and Gosch does not constitute "claims, demands, damages, actions, causes of action or suits" that could have been brought in her action against Grinnell Select.

Next, Grinnell Mutual and Grinnell Select maintained that Orcutt, "in exchange for Grinnell's $55,000 UIM payment, . . . covenanted never to sue either Plaintiff or make any future claims or demands 'of any kind' against them for damages arising from the subject accident." The Court declines to consider the argument because Grinnell Mutual and Grinnell Select's declaratory request appears duplicative of their claim for breach of contract. *See MASTR Asset Backed Sec. Tr. 2006-HE3 ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg. Corp.*, 843 F. Supp. 2d 996, 1000–01 (D. Minn. 2012).

Finally, Grinnell Mutual and Grinnell Select asserted that "Orcutt is collaterally estopped from seeking to collect from Plaintiffs the same damages represented by the default judgment that she previously recovered." They maintained that she "litigated the same issue" in her action against Grinnell Select and in her action against Crews and Gosch: "her personal injury damages from the accident." According to Grinnell Mutual and Grinnell Select, "[t]he dismissal with prejudice of the UIM action collaterally estops her from re-litigating the same issue." The Court rejects Grinnell Mutual and Grinnell Select's argument. *See Hauschildt v. Beckingham*, 686 N.W.2d 829, 837–38 (Minn. 2004) ("The issue on which collateral estoppel is to be applied must be the same as that adjudicated in the prior action and it must have been necessary and essential to the resulting judgment in that action."); *Barth v. Stenwick*, 761 N.W.2d 502, 508 (Minn. Ct.

14

App. 2009) ("Collateral estoppel applies to issues 'actually litigated, determined by, and essential to a previous judgment.'" (citation omitted)).

**B.     Orcutt's Motion**

Orcutt moved for summary judgment on Grinnell Mutual's "non-liability insurance coverage claims" alleged in Count 1 of the Amended Complaint. She asserted that Grinnell Mutual is "barred by Minnesota res judicata law from asserting that the 2018 Settlement Agreement discharged Gosch and Crews from tort liability or that collateral estoppel prohibited [her] from commencing a claim for damages against Gosch and Crews." "If the 2018 Settlement Agreement discharged [Grinnell Mutual] in its capacity as a liability insurer as [Grinnell Mutual] contends," Orcutt argued, "Gosch and Crews could have raised that defense in an effort to obtain a dismissal of Orcutt's liability lawsuit against them." Grinnell Mutual and Grinnell Select responded that Orcutt did not plead res judicata, that res judicata does not apply, that they are asserting their own claims based on the release, and that they are not asserting liability defenses to the underlying action.

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8(c)(1). "'[T]he Rule 8(c) pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it,' but we decline to adhere to a construction of the Rule that would privilege 'form over substance.' As long as 'an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply

15

with Rule 8(c) is not fatal.'" *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756, 765 (8th Cir. 2022) (alteration in original) (citation omitted).

"[A] default judgment 'stands as . . . a final determination of the facts essential to its existence' and is 'conclusive upon the parties' in later cases, even if the defendant 'took no part' in the proceedings." *Delgado v. Midland Credit Mgmt., Inc.*, No. 24-1786, 2025 WL 877710, at *1 (8th Cir. Mar. 21, 2025) (citation omitted); *see Parr v. Gonzalez*, 669 N.W.2d 401, 405 (Minn. Ct. App. 2003) ("The entry of a default judgment is equivalent to an admission by the defaulting party to properly pleaded claims and allegations." (citation omitted)). Insofar as Grinnell Mutual's request for declaratory relief in Count 1 goes to the merits of the underlying default judgment against Crews and Gosch, the Court grants Orcutt's motion. *See Parr*, 669 N.W.2d at 405 ("[I]n this subsequent garnishment proceeding, Zurich may not raise defenses that go to the merits of the underlying default judgment that established Gonzalez's negligence.").

Insofar as Orcutt argued that Gosch and Crews could have defended her action against them on the basis that her settlement with Grinnell Select discharged Grinnell Mutual, her motion is denied. She relied on *Booth*, whose plaintiffs executed an agreement that waived their claims against a tortfeasor except for those covered by a specific policy. 788 N.W.2d at 706–07. Because the specific policy did not provide coverage, the plaintiffs reserved no claims. *Id.* at 707. Unlike the agreement in *Booth*, the agreement between Orcutt and Auto-Club Insurance states that "[n]othing herein is intended to release any claim which [she] has or may have against any other insurer."

16

As to Grinnell Select, Orcutt stated that its "Count I claims . . . have been rendered definitively moot by the Minnesota state court proceedings." The issue is not adequately briefed. The Court denies this part of Orcutt's motion.[5]

"In the alternative to [her] res judicata argument," Orcutt argued that she "is entitled to partial summary judgment on the grounds that the October 2018 Settlement Agreement between [her] and [Grinnell Select] was entered into by the parties through mutual mistake." She maintained that "a contract is properly set-aside based on mutual mistake when the parties executed the contract 'in justifiable ignorance of a past existing fact, which is so material to the subject-matter of the contract that if it had been known the contract would not have been made'"; and that "a party's negligent failure to investigate facts as to which the parties are under a mistake does not bar rescission." When she and Grinnell Select executed the settlement agreement, Orcutt maintained that they "were operating under the mutual, mistaken belief that Gosch's $100,000 ACIA policy . . . was the only liability policy which afforded liability coverage to Gosch and Crews for the October 25, 2012 accident." Because "there would not have been any settlement but for the parties' mutual mistaken belief," Orcutt argued, "the 2018 Settlement Agreement is properly set-aside." Citing the deduction of the settlement payments from the default judgment against Crews and Gosch, she claimed that she and

---

[5] Orcutt stated that "[t]he personal auto policy [Grinnell Select] issued to Crews insuring his personal auto could never apply to Crews' employment-related operation of Gosch's truck and trailer due to the standard business and regular use exclusions in personal auto policies."

17

Grinnell Select "are now in substantially the same legal posture today that they would have occupied had there been no October 2018 first-party settlement."

Grinnell Mutual and Grinnell Select responded that Orcutt's rescission claim fails for multiple reasons. First, it is a compulsory counterclaim that she failed to plead. Next, Orcutt failed to offer to return the $55,000 payment she received from Grinnell Select. Third, she failed to act with reasonable diligence. Finally, there was no mutual mistake.

The Court assumes, without deciding, that Orcutt's argument based on mutual mistake is properly before it. Viewed in the light most favorable to Grinnell Mutual and Grinnell Select, the record reveals that she did not act promptly upon discovery of the alleged mistake. *See Gaertner v. Rees*, 107 N.W.2d 365, 368 (Minn. 1961). Accordingly, the Court denies Orcutt's motion based on mutual mistake.

Finally, Orcutt asserted that she "is entitled to partial summary judgment on the grounds that the 2018 Settlement Agreement . . . did not discharge [Grinnell Mutual] in its capacity as a third-party liability insurer." For the reasons stated above, the default judgment that Orcutt obtained against Crews and Gosch does not constitute "claims, demands, damages, actions, causes of action or suits" that could have been brought in her action against Grinnell Select. The Court expresses no opinion on the covenant not to sue.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Grinnell Mutual and Grinnell Select's Rule 12(c) Motion for Judgment on the Pleadings and Declaratory Relief [Docket No. 135] is DENIED.

2. Orcutt's Motion for Partial Summary Judgment [Docket No. 147] is GRANTED IN PART and DENIED IN PART.

Dated: March 27, 2025

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
